# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO HOLGUIN,<br><br>    Plaintiff,<br><br>v.<br><br>R. WICKS,<br><br>    Defendant. | 1:16-cv-0346-DAD-BAM (PC)<br><br>ORDER ON MOTION FOR LEAVE TO SUPPLEMENT<br><br>SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 23, 26)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Pablo Holguin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on March 14, 2016. Plaintiff's first amended complaint, filed on May 1, 2017, is currently before the Court for screening. (ECF No. 23). Also pending is Plaintiff's Motion for Leave to Supplement the First Amended Complaint. (ECF No. 26.)

I. **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

II. **Summary of Plaintiff's Allegations**

Plaintiff is currently housed at the Correctional Training Facility, in Solodad. The events in the complaint are alleged to have occurred while Plaintiff was housed at Avenal State Prison. Plaintiff names R.Wicks, Correctional Lieutenant, as the sole defendant.

Plaintiff alleges: Plaintiff was deprived of his right to Due Process under the Fourteenth Amendment. Plaintiff alleges Defendant Wicks is sued in his official and individual capacities in that Plaintiff was found guilty of a Rule Violation. On December 5, 2013, Correctional Officer Qualls discovered what he believed to be a controlled substance underneath a stamp attached to an envelope addressed to Plaintiff. The envelope was not given to Plaintiff and Plaintiff never possessed the envelope or stamp. Plaintiff alleges he did not have prior knowledge of the substance.

Plaintiff was charged in a Rule Violation Report ("RVR") with introduction of a controlled substance. On March 17, 2014, Defendant R. Wicks conducted a hearing. Defendant

Wicks is a high ranking official and experienced in the duties as a Senior Hearing Officer ("SHO"). The SHO must have determined that Plaintiff actually possessed the letter/substance or the Plaintiff had prior knowledge that contraband was hidden under the stamp. Plaintiff alleges that Wicks knew of the deficient RVR before the hearing because (1) the RVR charged offense lacked proper authority, (2) the RVR state of incompleteness that Plaintiff lacked possession or evidence of prior knowledge. Plaintiff alleges that Defendant Wicks' premediated oversight, combined with his selective course of actions(s) to ignore the perquisites. Plaintiff alleges that Wicks' conduct violated CDCR policy and regulations and he did not report misconduct of Qualls for false reporting. Defendant Wicks' further participated in the false RVR when he adjudged the deficient RVR.

Plaintiff was found guilty and assessed 180 days of behavioral credit forfeiture, 60 days loss of privileges, 5 days confinement to quarters, order two random drug tests per month for 12 months, 180 days loss of contact visits, referral to substance abuse program. Plaintiff was also assessed a high custody level and placed in administrative segregation. Plaintiff was totally exonerated of the RVR via a state petition for writ of habeas corpus.[1] In this action, Plaintiff seeks compensatory damages and punitive damages.

On May 5, 2017, Plaintiff filed a Motion for Leave to Supplement the First Amended Complaint which seeks to allege special damages. Plaintiff realleges a summary of the facts from his first amended complaint against Wicks. The summary of facts clarify that Plaintiff is alleging that Wicks knew the RVR was deficient in that the RVR failed to contain the elements that Plaintiff was (a) in possession and/or (b) constructive possession of the substance and knew of the substance. Plaintiff alleges that Wicks was deliberately indifferent to the effect of the false RVR, in that there is the potential of several years of delay for "suitability considerations"

---

[1] Filed as Exhibit "C" (ECF No. 24) in support of the first amended complaint, Plaintiff attaches an order dated January 21, 2016, from his Habeas Petition in a state court case. In the order and attached as Exhibit "C", the court noted that the RVR was dismissed on October 1, 2015 and any reference from it was purged from his file. (ECF No. 24 p.12.) The court nonetheless ordered an evidentiary hearing to determine whether plaintiff remained in closed custody, which is impacts his classification, and whether the RVR had been purged from his file. (ECF No. 24 p.13.) On June 16, 2016, the court in the habeas petition case, vacated the evidentiary hearing stating: "The motion to vacate the evidentiary hearing states that the rules violation has been dismissed and all credits restored to [plaintiff] forthwith. The court received no evidence refuting [CDCR]'s assertions." (ECF No. 24 p.15.) The court found the habeas petition moot.

for parole. The false criminal complaint (referral to the District Attorney's office) for prosecution was violation of cruel and unusual punishment and deliberately indifferent to Plaintiff's liberty interest

### III. **Motion to Supplement**

A court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Although leave to permit supplemental pleading is generally favored, the supplemental pleading cannot be used to introduce a "separate, distinct and new cause of action." Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citations omitted); see also San Luis & Delta–Mendota Water Authority v. U.S. Dept. of Interior, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (setting forth nine factors for determining whether to permit supplemental pleadings, including the relatedness of the original and supplemental complaints). "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings." Keith v. Volpe, 858 F.3d 467, 473 (9th Cir. 1988) (citing Fed. R. Civ. P. 15(d), advisory committees note).

In the interest of expediency, the Court will grant the request to supplement the complaint with the allegations contained in ECF No. 26 and will screen the allegations in both the "supplement" and the first amended complaint.

### IV. **Discussion**

**A. Due Process**

In the prior screening, the Court was not provided with the RVR and Defendant Wicks' adjudication of the RVR. But with the filing of the First Amended Complaint, Plaintiff attaches as exhibits both the RVR and Wicks' adjudication of the RVR. (See ECF No. 24); Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (If the documents are not physically attached to the complaint, they may be considered if the documents' "authenticity ... is not contested" and "the plaintiff's complaint necessarily relies" on them.)

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action

for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466 (1983).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached...." Hill, 472 U.S. at 455-56 (emphasis added).

Plaintiff alleges a violation of his right to Due Process. To the extent Plaintiff's claim is based upon his allegations of a false RVR, he has not stated sufficient facts to bring any cognizable claim. Although Plaintiff has alleged that he was given a false RVR and housed in ASU, he has alleged no facts showing that any of the procedural requirements for the prison disciplinary proceedings were not met. Based on Exhibit C (ECF No. 24 p. 4-7), each of the Wolff requirements was met. Plaintiff does not allege that any of the Wolff procedural protections were not met. Rather, Plaintiff complains that the RVR was deficient because it failed to contain an allegation that he had possession or constructive knowledge/possession of

5

the controlled substance. Basically, Plaintiff alleges that Defendant Wicks should not have accepted the RVR because the RVR did not state these "elements." However, Due Process does not require that an RVR satisfy some kind of pleading standards under state regulations. Even the falsification of a disciplinary report does not state a stand-alone constitutional claim. Canovas v. California Dept. of Corrections, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. Oct. 30, 2014); see e.g., Lee v. Whitten, 2:12-cv-2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. Sept. 5, 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly accused does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 1:14-cv-2084-SAB (PC), 2015 WL 1014257, *2 (E.D. Cal. Mar. 6, 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)). Therefore, Plaintiff fails to state a claim regarding any insufficient RVR disciplinary report.

**B. Cruel and Unusual Punishment**

Plaintiff alleges he was harmed from the RVR. While the RVR ultimately was dismissed, Plaintiff still suffered the consequences of the RVR. The punishments and loss of rights were not cancelled. Plaintiff alleges he was housed in administrative segregation, lost privileges, lost his parole hearing date, among other wrongs. Plaintiff claims that this is cruel and unusual punishment in violation of the Eighth Amendment.

The Eighth Amendment protects prisoners against cruel and unusual conditions of confinement. U.S. Const. amend. VIII. Prison conditions do not violate the Eighth Amendment unless they amount to "unquestioned and serious deprivations of basic human needs" or the "minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Wilson v. Seiter, 501 U.S. 294, 298-300 (1991). "After incarceration, only the unnecessary and wanton infliction of pain...constitutes cruel and unusual punishment...." Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal citations and quotations omitted).

To prove an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must satisfy both an objective and subjective requirement. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994). The objective prong requires the prisoner to allege facts sufficient to show that the prison official's acts or omissions deprived him of the "minimal civilized measure of life's necessities." Rhodes, 452 U.S. at 347. The institution provides the minimal civilized measure of life's necessities if it "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982) (internal citations and quotations omitted); see also Farmer, 511 U.S. at 832. To meet the subjective prong, a prisoner must allege facts showing that the defendants acted with "deliberate indifference." Wilson, 501 U.S. at 302; Allen, 48 F.3d at 1087. Deliberate indifference exists where a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Courts may consider conditions cumulatively "when they have mutually enforcing effect that produces the deprivation of a single identifiable human need...." Wilson, 501 U.S. at 304-05.

Plaintiff has not alleged facts sufficient to establish the objective requirement of an Eighth Amendment violation because he has not alleged he was deprived of the minimal civilized measure of life's necessities by Defendant Wicks. Plaintiff's allegations specific to Defendant Wicks are only that Defendant Wicks knowingly adjudicated a false RVR, with insufficient elements alleged in the RVR, against the Plaintiff. Adjudicating an RVR, even a false one, is not enough to sustain an Eighth Amendment claim.

### V. Conclusion and Order

Plaintiff's first amended complaint fails to state a claim upon which relief may be granted under section 1983. As Plaintiff is proceeding in pro se, the Court will provide Plaintiff with a final opportunity to amend his complaint to cure the identified deficiencies, if in good faith he can do so. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his third amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's Motion for Leave to Supplement the First Amended Complaint is GRANTED;

3. Plaintiff's first amended complaint, filed May 1, 2017 (ECF No. 23), as supplemented, is dismissed for failure to state a claim upon which relief can be granted;

4. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and

**5. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and for failure to obey a court order.**

IT IS SO ORDERED.

Dated: **May 24, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE