# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO HOLGUIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. WICKS,<br><br>　　　　Defendant. | 1:16-cv-0346-DAD-BAM (PC)<br><br>ORDER FINDING SERVICE OF SECOND AMENDED COMPLAINT APPROPRIATE AGAINST R. WICKS, AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS<br><br>**THIRTY-DAY DEADLINE**<br><br>(ECF No. 28) |

Plaintiff Pablo Holguin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on March 14, 2016. Plaintiff's second amended complaint ("SAC"), filed on June 12, 2017, is currently before the Court for screening. (ECF No. 28).

I. **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

II. **Summary of Plaintiff's Allegations**

Plaintiff is currently housed at the Correctional Training Facility, in Solodad. The events in the complaint are alleged to have occurred while Plaintiff was housed at Avenal State Prison. Plaintiff names R.Wicks, Correctional Lieutenant, as the sole defendant.

Plaintiff alleges: On December 5, 2013, Correctional Officer Qualls while performing his assigned duties, picked up an envelope and felt an object underneath the stamp. Qualls found a black tar like substance in plastic. Correctional Officer Qualls does not deliver the letter to Plaintiff. Plaintiff did not have any knowledge and did not possess the letter. Correctional Officer Qualls drafted and served Plaintiff with a Rule Violation Report ("RVR") charging Plaintiff with introduction of a controlled substance. The RVR was assigned to Senior Hearing Officer ("SHO") R. Wicks. Lt Wicks is an experienced correctional officer who has duty to

conduct inmate disciplinary hearings and must know the regulations related to the RVR, and in particular "possession-constructive possession."

On March 17, 2014, Wicks convened the disciplinary hearing. Defendant Wicks asked Plaintiff how the addresser of the envelop had Plaintiff's address and why the stamps are off your letters in the locker.[1] Plaintiff told Defendant Wicks that he does not know how the addresser had his address, and he said the stamps were for inmate Torres who collects stamps. Defendant Wicks denied Plaintiff's request for inmate Torres to testify as to the stamp collector evidence. Defendant Wicks adjudicated the RVR with findings which directly contradicted the evidence: "during testimony [Plaintiff] could not provide details of the [stamp] collection or where it was." Plaintiff alleges that this statement is a direct contradiction of the question and answer portion of the hearing, where Plaintiff explained in his testimony that inmate Torres was a stamp collector. In later court proceedings, Plaintiff was exonerated of the charged offense by a writ of habeas corpus.

Plaintiff alleges Defendant Wicks was obligated to familiarize himself with the misbehavior of the inmate and how it violated Title 15; in this case the element of possession/constructive possession.[2] Defendant Wicks knew the RVR's deficient state but erroneously found the RVR and its evidence to be true. Wicks imposed arbitrary and capricious punishment and a program change for Plaintiff. Plaintiff's security level was raised, Plaintiff was transferred to a different institution and had reduced availability of self-help programs. Plaintiff's time credits have not been restored, visitation restrictions are not restored, and custody level remains at a higher level. The RVR has not been purged from his file as it should have

---

[1] In the prior screening, Plaintiff was informed that each complaint must be full and complete in and of themselves and that prior complaints are superceded by later filed complaints. In the SAC, Plaintiff leaves out facts that put into context that the stamp on the letter had heroin attached to it and that prior envelopes found in Plaintiff's cell had their stamps removed.

[2] Again, the amended pleading do not put this allegation in context. In prior pleadings Plaintiff contended he could not have been in "possession/constructive possession" of the controlled substance because the envelope was never delivered to him. As explained *infra*, Plaintiff fails to state a cognizable claim that he was not in possession.

been. The existence of the RVR has affected Plaintiff's parole hearings and postponements of further hearings.³

III. **Discussion**

**A. Due Process**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563-71. As long as the five minimum *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached...." *Hill*, 472 U.S. at 455-56 (emphasis added).

Under *Wolff*, due process requires that prison officials allow a prisoner to call witnesses. Here, there is a factual dispute whether Plaintiff was permitted to call his witness. In Plaintiff's

---

³ Attached as Exhibit "A" to the SAC is the SHO's adjudication of the Rule Violation Report. Filed as Exhibit "B" (ECF No. 28) in support of the SAC, Plaintiff attaches an order dated June 16, 2016, by the court in the habeas petition case, vacating an evidentiary hearing stating: "The motion to vacate the evidentiary hearing states that the rules violation has been dismissed and all credits restored to [plaintiff] forthwith. The court received no evidence refuting [CDCR]'s assertions." (ECF No. 24 p.15.) The court found the habeas petition moot. Attached as Exhibit "C" is a classification chrono dated January 7, 2015 indicating restrictions on visitations, among other things. Attached as Exhibit "D" is Parole Hearing Decision Face Sheet indicating that Plaintiff is unsuitable for 3 years.

SAC, Plaintiff alleges that he knew who his witness was, identified him as a witness to be called during Plaintiff's testimony, and asked that he be called. Indeed, the RVR hearing report quotes Plaintiff's testimony wherein Plaintiff identified inmate Torres as a witness. The witness was relevant to the charges in that inmate Torres was the purported stamp collector to whom Plaintiff gave stamps and could have corroborated Plaintiff's testimony that there was a legitimate reason why stamps were missing from letters found in Plaintiff's cell, because Plaintiff had given inmate Torres stamps on other occasions. Plaintiff alleges that "Wicks denied Plaintiff's request for inmate Torres, K91531, as a witness . . ." (ECF No. 28 ¶10.) On the other hand, the RVR hearing report states that "subject did not request any witnesses to be present at his disciplinary hearing." (ECF No. 28, Exh. A.) Thus, a factual dispute exists. The SAC alleges Plaintiff was denied his identified witness, while the RVR hearing report states Plaintiff did not request witnesses. A prisoner who is the subject of a disciplinary hearing has the right to call witnesses with relevant information, when the exercise of this right will not be unduly hazardous to institutional safety. *Wolff*, 418 U.S. at 566; *Bostic v. Carlson*, 884 F.2d at 1271. The inmate must inform the disciplinary committee of the nature of the testimony each witness will give, in order to permit the committee to determine whether institutional concerns would preclude calling the witness. Id. at 1274. Here, the SAC adequately pleads that Plaintiff identified the witness, the nature of the testimony which was relevant to the charge against Plaintiff, but that Plaintiff was denied his witness. The Court does not resolve the factual dispute between the SAC and the RVR hearing report. The court accepts "well-pleaded, nonconclusory factual allegation(s)" that if assumed true will at least "plausibly suggest" grounds for relief. *See Ashcroft v. Iqbal*, 556 US at 680, 129 S.Ct. at 1950. Accordingly, Plaintiff has stated a cognizable claim of violation of Due Process for denial of his right to call an identified witness in his defense.

Plaintiff also alleges another Due Process claim. To the extent Plaintiff's claim is based upon his allegations of a false RVR or inadequately pled RVR, he fails to state a cognizable claim. In ¶10 of his SAC, Plaintiff complains that the RVR was deficient because it failed to contain an allegation that he had possession or constructive knowledge/possession of the

controlled substance. Plaintiff alleges that Defendant Wicks should not have accepted the RVR because the RVR did not state these "elements."

As Plaintiff has previously been informed, Due Process does not require that an RVR satisfy some kind of pleading standard under state regulations. Even the falsification of a disciplinary report does not state a stand-alone constitutional claim. *Canovas v. California Dept. of Corrections*, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. Oct. 30, 2014); see e.g., Lee v. Whitten, 2:12-cv-2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. Sept. 5, 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly accused does not raise a due process issue. The Constitution demands due process, not error-free decision-making." *Jones v. Woodward*, 1:14-cv-2084-SAB (PC), 2015 WL 1014257, *2 (E.D. Cal. Mar. 6, 2015) (citing *Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994); *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)). An inadequately pled RVR does not state a cognizable Due Process claim. Therefore, Plaintiff fails to state a claim that the RVR disciplinary report was insufficient and Wicks should have rejected it, and that claim will be dismissed. This action proceeds on the narrow claim that Plaintiff was deprived of Due Process by being denied his identified witness.

**B. Cruel and Unusual Punishment**

Plaintiff alleges he was harmed from the RVR. While the RVR ultimately was dismissed, Plaintiff still suffers the consequences of the RVR. The punishments and loss of rights were not cancelled. Plaintiff alleges he was housed in administrative segregation, lost privileges, lost his parole hearing date, among other wrongs. Plaintiff claims that this is cruel and unusual punishment in violation of the Eighth Amendment.

The Eighth Amendment protects prisoners against cruel and unusual conditions of confinement. U.S. Const. amend. VIII. Prison conditions do not violate the Eighth Amendment unless they amount to "unquestioned and serious deprivations of basic human needs" or the

"minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991). "After incarceration, only the unnecessary and wanton infliction of pain...constitutes cruel and unusual punishment...." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal citations and quotations omitted).

To prove an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must satisfy both an objective and subjective requirement. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994). The objective prong requires the prisoner to allege facts sufficient to show that the prison official's acts or omissions deprived him of the "minimal civilized measure of life's necessities." <u>Rhodes</u>, 452 U.S. at 347. The institution provides the minimal civilized measure of life's necessities if it "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) (internal citations and quotations omitted); see also *Farmer*, 511 U.S. at 832. To meet the subjective prong, a prisoner must allege facts showing that the defendants acted with "deliberate indifference." *Wilson*, 501 U.S. at 302; *Allen*, 48 F.3d at 1087. Deliberate indifference exists where a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Courts may consider conditions cumulatively "when they have mutually enforcing effect that produces the deprivation of a single identifiable human need...." *Wilson*, 501 U.S. at 304-05.

As Plaintiff was previously informed, Plaintiff does not have a cognizable right in a false RVR. Plaintiff's allegations specific to Defendant Wicks are that Defendant Wicks knowingly adjudicated a false RVR, with insufficient elements alleged in the RVR, against the Plaintiff. Adjudicating an RVR, even a false one, is not enough to sustain an Eighth Amendment claim. As plaintiff has been given multiple opportunities to amend this claim in order to state a claim and has been unable to do so, this claim will be dismissed.

### V. **Conclusion and Order**

Based on the foregoing, the Court HEREBY ORDERS that:

1. This action shall proceed on Plaintiff's second amended complaint, filed on June 12, 2016 (ECF No. 28), against Defendant R. Wicks for violation of Due Process for denial of Plaintiff's right to call an identified witness in his defense.
2. Service shall be initiated on the following defendants:

   **R. Wicks, Correctional Lieutenant**
3. The Clerk of the Court shall send Plaintiff one (1) USM-285 form, one (1) summonses, a Notice of Submission of Documents form, an instruction sheet and a copy of the second amended complaint (Doc. 28);
4. Within **thirty (30) days** of the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:
   a. One (1) completed summons for each defendant listed above;
   b. One (1) completed USM-285 form for each defendant listed above; and
   c. Two (2) copies of the endorsed second amended complaint.
5. Plaintiff need not attempt service on the defendant and need not request a waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve Defendants under Federal Rule of Civil Procedure 4 without payment of costs.
6. **<u>Plaintiff is warned that the failure to comply with this order will result in a recommendation to dismiss this action.</u>**

*****

Also, the Court HEREBY RECOMMENDS that Plaintiff's claims against Defendant R. Wicks for violation of the Eighth Amendment for a false or inadequate Rule Violation Report and for violation of the Due Process clause for an insufficient Rule Violation Report be dismissed for failure to state a claim upon which relief may be granted. This action proceeds on the narrow claim that Plaintiff was deprived of Due Process by being denied his identified witness.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B). Within **thirty (30) days** after being served with these Finding and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 16, 2017**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE