# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO HOLGUIN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>R. WICKS,<br><br>　　　　　Defendant. | Case No. 1:16-cv-00346-DAD-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 51) |

　　　Plaintiff Pablo Holguin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Fourteenth Amendment due process claim against Defendant Wicks based on the alleged denial of Plaintiff's right to call an identified witness in his defense at his prison disciplinary hearing.

　　　Currently before the Court is Plaintiff's motion to appoint counsel, filed December 28, 2017. (ECF No. 51.) Plaintiff requests appointment of counsel due to the complexity of the case, the attorney general's unlimited legal resources, and Plaintiff's limitations as an incarcerated pro se litigant. Plaintiff further argues that his access to the prison law library is irregular and infrequent at best, and the library contains only four legal research computers and two photo copiers. (Id.)

　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954

1

n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding pro se and in forma pauperis almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has found that Plaintiff has stated a cognizable claim against Defendant Wicks, the fact that Plaintiff has passed this low bar has not yet shown the Court that he is likely to succeed on the merits. Also, based on a review of the limited record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

For the foregoing reasons, Plaintiff's motion to appoint counsel (ECF No. 51) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **January 3, 2018** /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE

2