# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO HOLGUIIN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WICKS,<br><br>　　　　　Defendant. | Case No. 1:16-cv-00346-DAD-BAM (PC)<br><br>ORDER DENYING DEFENDANT'S MOTION TO STRIKE<br>(ECF No. 74)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO INCORPORATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT<br>(ECF No. 73)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT<br>(ECF Nos. 61, 63)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I.   Introduction

Plaintiff Pablo Holguin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Fourteenth Amendment due process claim against Defendant Wicks ("Defendant") based on the alleged denial of Plaintiff's right to call an identified witness in his defense at his prison disciplinary hearing. Currently before the Court are the parties' cross-motions for summary judgment. For the reasons set forth below, the Court recommends that Plaintiff's motion for summary judgment be denied, and Defendant's motion for summary judgment be granted.

1

## II. Procedural Background

On August 10, 2018, Plaintiff filed a motion for summary judgment. (ECF No. 61.) On August 31, 2018, Defendant filed an opposition to Plaintiff's motion, as well as his own motion for summary judgment.[1] (ECF Nos. 62, 63.) Following two extensions of time, Plaintiff filed his opposition to Defendant's motion on October 25, 2018. (ECF No. 70.) Defendant filed a reply on November 1, 2018. (ECF No. 71.)

Plaintiff filed a belated reply, together with an attached declaration signed under penalty of perjury, to Defendant's opposition on November 7, 2018. (ECF No. 72.) The same date, Plaintiff also filed a "Motion for: Statement of Genuine Disputes of Material Fact by Opposing Party." (ECF No. 73.) On November 9, 2018, Defendant filed a motion to strike the declaration attached to Plaintiff's reply as "new" evidence which is impermissible in a reply, and to strike Plaintiff's miscellaneous motion as an unauthorized sur-reply to Defendant's motion for summary judgment. (ECF No. 74.) Plaintiff did not file a response to the motion to strike, and the deadline to do so has expired.

The parties' cross motions for summary judgment, Plaintiff's motion to incorporate his statement of genuine disputes of fact, and Defendant's motion to strike are deemed submitted. Local Rule 230(l).

## III. Motion to Strike and Motion to Incorporate Statement of Genuine Disputes of Fact

The Court first addresses Plaintiff's declaration attached to his reply and his motion regarding genuine disputes of fact, which Defendant construes as a sur-reply, together with Defendant's motion to strike those filings. Generally, parties do not have the right to file sur-replies, and motions are deemed submitted when the time to reply has expired. Local Rule 230(l). The Court generally views motions for leave to file sur-replies with disfavor. Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes–Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a sur-reply. See U.S. ex rel. Meyer v.

---

[1] Concurrent with the motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. (ECF No. 63-3); see Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir. 1988).

Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file sur-reply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond). In this Circuit, courts are required to afford pro se litigants additional leniency. E.g., Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).

Here, Plaintiff did not seek leave of Court before filing his sur-reply, nor did he respond to the motion to strike explaining why his sur-reply and declaration should be considered even though he filed a lengthy opposition brief. While the Court agrees that Plaintiff's declaration and sur-reply constitute "new" evidence, to the extent that they are signed under penalty of perjury and his prior filings were not, the Court notes that the arguments raised therein are repetitive of those presented in previous filings throughout this action.

The Court will exercise its discretion not to strike the evidence, and also does not find it necessary to delay the proceedings for any sur-reply by Defendant. The Court will consider the evidence presented, and therefore will grant Plaintiff's motion to incorporate his sur-reply into his opposition to Defendant's motion for summary judgment. Defendant was aware of, and had the opportunity to respond to, these same arguments throughout briefing on the cross-motions for summary judgment, and the evidence itself does not materially alter the findings and recommendations that the Court will make regarding the motions, as detailed below.

**IV.     Legal Standard**

Summary judgment is appropriate when the pleadings, disclosure materials, discovery, and any affidavits provided establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that may affect the outcome of the case under the applicable law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a

reasonable [trier of fact] could return a verdict for the nonmoving party." Id.

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The exact nature of this responsibility, however, varies depending on whether the issue on which summary judgment is sought is one in which the movant or the nonmoving party carries the ultimate burden of proof. See Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). If the movant will have the burden of proof at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." Id. (citing Celotex, 477 U.S. at 323). In contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." Id.

If the movant satisfies its initial burden, the nonmoving party must go beyond the allegations in its pleadings to "show a genuine issue of material fact by presenting affirmative evidence from which a jury could find in [its] favor." F.T.C. v. Stefanchik, 559 F.3d 924, 929 (9th Cir. 2009) (emphasis omitted). "[B]ald assertions or a mere scintilla of evidence" will not suffice in this regard. Id. at 929; see also Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56[], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." Soremekun, 509 F.3d at 984. Instead, "[t]he evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." Anderson, 477 U.S. at 255. Inferences, however, are not drawn out of the air; the

nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. See Richards v. Nielsen Freight Lines, 602 F.Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987). "[W]hen parties submit cross-motions for summary judgment, [e]ach motion must be considered on its own merits." Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two, 249 F.3d 1132, 1136 (9th Cir. 2001) (internal quotations and citation omitted).

In arriving at these findings and recommendations, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

**V.     Discussion**

**A.     Evidentiary Objections**

Defendant generally objects to Plaintiff's entire statement of undisputed facts in support of his motion for summary judgment, because he failed to comply with Federal Rule of Civil Procedure 56 and Local Rule 260(a) by failing to include a separate statement of undisputed material facts citing to specific evidence supporting his assertions, and instead presenting facts that are either unsupported or immaterial. (ECF No. 62-1.) As noted above, not every objection will be addressed by the Court individually, as doing so is neither necessary nor is that the practice of this Court in the summary judgment context. For the sake of clarity and to the extent it is appropriate, certain individual objections have been addressed by the Court below. Other objections are better dealt with in general terms.

The hearsay objections are overruled. Declarations which contain hearsay are admissible for summary judgment purposes if they can be presented in admissible form at trial. Fonseca v. Sysco Food Servs. of Ariz., Inc., 374 F.3d 840, 846 (9th Cir. 2004). Furthermore, "[i]f the significance of an out-of-court statement lies in the fact that the statement was made and not in the truth of the matter asserted, then the statement is not hearsay." Calmat Co. v. U.S. Dep't of

Labor, 364 F.3d 1117, 1124 (9th Cir. 2004). At this stage, the Court did not find the hearsay objections raised by Defendant to be preclusive of the evidence submitted.

Defendant's objections to Plaintiff's prison records for lack of authentication are overruled. Fed. R. Evid. 901(b)(4); Las Vegas Sands, LLC v. Nehme, 632 F.3d 526, 532–33 (9th Cir. 2011). While the records are subject to authentication under Rule 901(b)(6) in any event, the Court nonetheless notes the absence of any evidence or argument suggesting the existence of a legitimate challenge to the records on authentication grounds. See Chamberlain v. Les Schwab Tire Center of Cal., Inc., No. 2:11-cv-03105-JAM-DAD, 2012 WL 6020103, at *2 (E.D. Cal. Dec. 3, 2012) (citing Burch v. Regents of Univ. of Cal., 433 F.Supp.2d 1110, 1120 (E.D. Cal. 2006)) (rejecting "purely procedural" authentication objection).

Finally, given the Court's duty to determine whether there exists a genuine dispute as to any material fact, objections to evidence as irrelevant are both unnecessary and unhelpful. See e.g., Carden v. Chenega Sec. & Protections Servs., LLC, No. CIV 2:09-1799 WBS CMK, 2011 WL 1807384, at *3 (E.D. Cal. May 10, 2011); Arias v. McHugh, No. CIV 2:09-690 WBS GGH, 2010 WL 2511175, at *6 (E.D. Cal. Jun. 17, 2010); Tracchia v. Tilton, No. CIV S-062919 GEB KJM P, 2009 WL 3055222, at *3 (E.D. Cal. Sept. 21, 2009); Burch v. Regents of Univ. of Cal., 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).

**B.    Undisputed Material Facts ("UMF")[2]**

1.     Plaintiff Pablo Holguin (D-58733) is an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). He was housed at Avenal State Prison ("ASP") at all times relevant to the allegations in this case. (See Pl.'s Second Amended Complaint ("SAC"), ECF No. 28.)

2.     Defendant Wicks was employed by CDCR as a Correctional Lieutenant at ASP at all times relevant to the allegations in this case. He is currently retired. (Wicks Decl., Ex. A,

---

[2] See Defendant's Statement of Undisputed Facts in Support of Motion for Summary Judgment, (ECF No. 63-2). As Defendant argues, Plaintiff did not comply with the rules in preparing his motion for summary judgment, including by failing to provide a separate statement of undisputed facts. Local Rule 260(a). As a result, Defendant's statement of undisputed material facts in support of his motion for summary judgment is accepted except where brought into dispute by Plaintiff's statement of facts incorporated by his sur-reply, or his declaration, signed under penalty of perjury. See Johnson v. Meltzer, 134 F.3d 1393, 1399–1400 (9th Cir. 1998). Unless otherwise indicated, disputed and immaterial facts are omitted from this statement and relevant objections are overruled.

¶ 2.)

3. Plaintiff filed his Second Amended Complaint ("SAC"), the operative complaint in this action, on June 12, 2017, while housed within the custody of CDCR. (SAC, at 1.)

4. The Court screened Plaintiff's SAC as required under 28 U.S.C. § 1915A(a), and found Plaintiff's action may proceed "only on plaintiff's Fourteenth Amendment due process claim against defendant Wicks based on the alleged denial of plaintiff's right to call an identified witness in his defense at his prison disciplinary hearing." (ECF No. 34, at 2:12–14.)

5. On December 5, 2013, while passing out inmate mail, a correctional officer found a black tar-like substance wrapped in plastic underneath a stamp on a letter addressed to Plaintiff from Marina Ramirez. (Wicks Decl., ¶ 3.)

6. On January 14, 2014, notification was received from the Department of Justice Bureau of Forensic Services that the analyzed substance tested positive for heroin. (Wicks Decl., ¶ 4.)

7. Following the test results, on January 14, 2014, Plaintiff was charged with a Rules Violation Report ("RVR") for the introduction of a controlled substance in violation of California Code of Regulations ("CCR") § 3016(a) after staff discovered heroin underneath a stamp attached to an envelope addressed to Plaintiff. (Wicks Decl., ¶ 5.)

8. The disciplinary report dated January 14, 2014 was served on Plaintiff on January 21, 2014, which was within 15 days from the date of discovery. (Wicks Decl., ¶ 6.)

9. Plaintiff requested to postpone the RVR hearing pending the outcome of the referral to the District Attorney for prosecution. (Wicks Decl., ¶ 7.)

10. The disciplinary hearing was held on March 17, 2014, which was within 30 days of the District Attorney's final disposition. (Wicks Decl., ¶ 8.)

11. Plaintiff acknowledged he had received copies of all pertinent documentation at least 24 hours prior to the hearing. (Wicks Decl., ¶ 9.)

12. Defendant Wicks served as the Senior Hearing Officer ("SHO") at the RVR hearing. (Wicks Decl., ¶ 10.)

///

1       13.     Plaintiff had never met Defendant prior to the RVR hearing. (Holguin Depo., Ex. B., at 21:17–20.)

2       14.     Defendant did not classify the RVR, meaning he did not charge Plaintiff with the specified misconduct or classify it as a serious RVR, which complied with CDCR policy and allowed Defendant to serve as the SHO. (Wicks Decl., ¶ 11.)

3       15.     Defendant ensured that Plaintiff understood the nature of the charges brought against him and comprehended the disciplinary process prior to the hearing. (Wicks Decl., ¶ 12.)

4       16.     The evidence presented at the hearing included: 1) the RVR (CDCR-115) dated January 14, 2014 authored by J. Qualls, Correctional Officer; 2) the Crime Incident Report (CDCR-837) dated January 14, 2014; 3) the district attorney's disposition dated February 24, 2014; 4) the Medical Report of Injury (CDCR-7219) dated December 5, 2013 authored by C. Stockton, Licensed Vocational Nurse; 5) the Department of Justice Bureau of Forensic Services Report dated January 3, 2014; 6) the Miranda warning statement dated December 5, 2013; 7) all photocopies and photographs related to the incident; and 8) Plaintiff's testimony during the hearing. (Wicks Decl., ¶ 13; Holguin Depo., at 29:3–8.)

5       17.     During the hearing, Defendant asked Plaintiff, "How come you have the stamps off your letters in your locker?" (Wicks Decl., ¶ 14; SAC, at 5:19–20.)

6       18.     Plaintiff responded to Defendant's question, "There is a guy in H.U. #220, that collects stamps. Inmate Torres, K-91531." (Wicks Decl., ¶ 15; SAC, at 5:21–22.)

7       19.     Defendant documented on the RVR itself that Plaintiff never requested that Inmate Torres, or any other person appear as a witness at the hearing. (Wicks Decl., ¶ 16.)

8       20.     Inmate Torres stated Plaintiff never spoke to him about a RVR hearing. (Torres Depo., Ex. C, at 20:6–8.)

9       21.     Inmate Torres was unaware of a RVR hearing for Plaintiff. (Torres Depo., at 14:21–15:4.)

10      22.     Had Inmate Torres testified at the RVR hearing, Plaintiff anticipated Inmate Torres would have said that collecting stamps was his hobby and Plaintiff allowed him to remove the stamps off of his letters. (Holguin Depo., at 33:12–17.)

23. Under CCR § 3315(e), an inmate may request that friendly and adverse witnesses attend the RVR hearing. Requested witnesses shall be called unless the official conducting the hearing denies the request for one of the following reasons: (A) the appearance would endanger the witness; (B) the official determines that the witness has no relevant or additional information; or (C) the witness is unavailable. (Cal. Code Regs., tit. 15, § 3315(e)(1)(A)–(C).)

24. If Plaintiff had requested a witness at the hearing, Defendant would have allowed testimony unless the witness would be endangered, Defendant determined the witness had no relevant or additional information, or the witness was unavailable. (Wicks Decl., ¶ 17.)

25. Plaintiff pled not guilty at the RVR hearing. (Wicks Decl., ¶ 18.)

26. Defendant found Plaintiff guilty of introduction of a controlled substance by a preponderance of the evidence based on several factors including: 1) the reporting employee's documentation of the discovery of the substance underneath a stamp addressed to Plaintiff; 2) the Crime Incident Report 837-A1 which gave a complete synopsis of the incident; 3) the Crime Incident Report 837-C which documented the substance mailed to Plaintiff as heroin; 4) the four envelopes found inside Plaintiff's locker with stamps removed indicating Plaintiff had removed stamps from envelopes before; 5) the letter recovered from inside of the envelope addressed to Plaintiff which indicated the author of the letter clearly had prior knowledge of Plaintiff, referred to him by first name, and asked him about his next Board of Parole Hearings ("BPH") date; 6) the CDCR-128 "Refusing to Submit to a Urinalysis" chrono dated December 5, 2013, indicating Plaintiff refused to provide a urine sample for the purpose of testing for a controlled substance; 7) three photographs of the contraband found; 8) six photographs indicating the positive test results as heroin; 9) the CDCR-7219 medical evaluation on Plaintiff revealing fresh injection marks to his right arm, which based on Defendant's training and experience was consistent with intravenous drug use; 10) the Department of Justice Bureau of Forensic Services Laboratory report documenting the tested substance as heroin; and 11) Plaintiff's testimony during the hearing. (Wicks Decl., ¶ 19.)

27. At some point after the hearing, because Defendant knew the RVR was classified as serious and would have consequences for Plaintiff, Defendant contacted Inmate Torres out of

an abundance of caution about his stamp collection to determine whether Inmate Torres had any relevant or additional information. (Wicks Decl., ¶ 23; Torres Depo., at 14:4–15:4.)

28. Defendant's discussion with Inmate Torres did not change his decision to find Plaintiff guilty of the offense because Inmate Torres did not have any relevant or additional information, and there was ample evidence against Plaintiff. (Wicks Decl., ¶ 24.)

29. Had Inmate Torres provided Defendant with relevant or additional information, Defendant would have modified his report or contacted the Chief Disciplinary Officer to inform that person about the information. (Wicks Decl., ¶ 25.)

30. Plaintiff had been found guilty of violating acts related to the use, possession, or distribution of controlled substances, medications, drugs or drug paraphernalia on at least five prior occasions. (Wicks Decl., ¶ 20.)

31. As a result of being found guilty, Plaintiff was assessed a 180-day forfeiture of credit; a 60-day loss of privileges including yard, canteen, packages, visits, and phone except for emergencies; and a five-day confinement to quarters, but was released to attend work and program assignments. (Wicks Decl., ¶ 21.)

32. Because Plaintiff had previously violated CCR § 3016(a), he was assessed a loss of visits for 90 days, followed by non-contact visits for 180 days; he was ordered to provide a minimum of two random drug tests per month for one year; and he was referred for endorsement to a substance abuse program. (Wicks Decl., ¶ 22.)

33. On or around October 1, 2015, the RVR was vacated and dismissed. (Holguin Depo., at 36:14–19.)

34. After the dismissal of the RVR, Plaintiff's credits were restored and his classification score was adjusted. (Holguin Depo., at 36:20–22; Exs. C, D to Holguin Depo.)

35. However, Plaintiff was not eligible to earn credits in the first place, and institutional credit losses have no effect on the length of his sentence. (Baker Decl., Ex. D, ¶¶ 4, 6.)

36. Plaintiff has been consistently denied parole since 1997. (Holguin Depo., at 39:20–25.)

37. Plaintiff had a BPH hearing for parole eligibility in December 2014. (BPH Transcript, December 4, 2014, Ex. E.)

38. Plaintiff was represented by an attorney at the hearing, and requested a three-year stipulation of unsuitability. (BPH Transcript, at 5:1–2, 7:23–8:5.)

39. Plaintiff had another BPH hearing for parole eligibility in November 2017. (Holguin Depo., at 41:5–6.)

40. Plaintiff received a denial of parole, but the BPH panel did not reference the dismissed RVR as a reason he was denied. Rather, they stated he needed more insight, and referenced an investigation into his over familiarity with staff. (Holguin Depo., at 41:19–42:7.)

**C. Analysis**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563–71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached . . . ." Hill, 472 U.S. at 455–56 (emphasis added).

In his motion for summary judgment, Plaintiff contends that Defendant violated his due process rights under the Fourteenth Amendment by denying him a witness at his RVR hearing, and thereafter finding Plaintiff guilty of introduction of a controlled substance. Defendant, in turn, argues that Plaintiff never requested a witness at his RVR hearing, and even if Plaintiff had called his witness, there was ample evidence in the record to find Plaintiff guilty of the charge. In addition, Defendant argues that this action is moot because the RVR at issue was subsequently dismissed, and that even if Plaintiff demonstrates that a constitutional right was violated, he is entitled to qualified immunity because Plaintiff's right to a witness was not clearly established.

**1.  Fourteenth Amendment**

Plaintiff alleges, in both his unsigned pleadings and his declaration signed under penalty of perjury, that he requested Inmate Torres as a witness at his RVR hearing. Specifically, Plaintiff states that Inmate Torres would have testified that he collected stamps, and could have presented his stamp collection as evidence to explain why Plaintiff possessed other envelopes with the stamps removed. Plaintiff argues that this testimony and evidence was exculpatory, and the denial of this witness violated his due process rights and led to a guilty finding at his RVR hearing.

Defendant, on the other hand, contends that while Plaintiff mentioned Inmate Torres during his hearing, he did not request him as a witness, which was documented on the RVR itself, and was confirmed during Plaintiff's deposition. (RCF No. 62-1, p.86-87.) Defendant further contends that Plaintiff was found guilty based on a preponderance of evidence, and an interview with Inmate Torres following the RVR hearing revealed no relevant or additional information that warranted modification of Defendant's report.

Based on the conflicting version of events, as described by Plaintiff and as documented by Defendant on the RVR, there appears to be some factual dispute as to whether Plaintiff requested Inmate Torres as a witness and was denied, and thus whether Plaintiff's limited right to call witnesses at his disciplinary hearing was interfered with in any way.

However, the Supreme Court has made clear that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury

could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). See also Celotex Corp., 477 U.S. at 322 (summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial); Addisu v. Fred Meyer, 198 F.3d 1130, 1134 (9th Cir. 2000) ("A scintilla of evidence or evidence that is merely colorable . . . does not present a genuine issue of material fact" but rather there "must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion."); Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993) ("When the non-moving party relies on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact.").

Here, the Court finds that Plaintiff's version of the facts is blatantly contradicted by the record in this case, including his own deposition testimony, and no reasonable trier of fact could find in Plaintiff's favor with respect to his claim that Defendant denied his request for Inmate Torres to appear as a witness at his RVR hearing. Although Plaintiff asserts that Inmate Torres' testimony would have exonerated him, the record instead reflects that Defendant later interviewed Inmate Torres, Defendant considered Inmate Torres' statements, but their discussion did not change Defendant's guilty finding because there was ample evidence on the charges against Plaintiff. (UMF Nos. 27–29.) Thus, even if Inmate Torres had testified at Plaintiff's hearing, his testimony would have been found to provide no relevant or additional information beyond Plaintiff's testimony. Plaintiff's speculation that Inmate Torres' testimony would have exonerated him of the disciplinary charge is simply not enough to raise a genuine issue of material fact and allow his due process claim to survive summary judgment. See Mack v. Lamarque, No. 06-15915, 2009 WL 2013129 at *1 (9th Cir. June 16, 2009) ("The district court properly granted summary judgment on Mack's due process claim against defendant Mirich arising from Mirich's refusal to allow Mack to call two witnesses at Mack's disciplinary hearing, because Mack failed to raise a genuine issue of material fact as to whether those witnesses would have provided any additional, relevant evidence.").

### 2. Qualified Immunity

Defendant also asserts that the Court should grant summary judgment on the basis of qualified immunity. However, the Court finds that this argument need not be reached, based upon the above determination regarding the undisputed facts in this case.

## VI. Order and Recommendations

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to strike, (ECF No. 74), is denied; and
2. Plaintiff's motion for statement of genuine disputes of material fact, (ECF No. 73), is granted.

\*\*\*

Furthermore, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment, (ECF No. 61), be denied; and
2. Defendants' motion for summary judgment, (ECF No. 63), be granted.

\*\*\*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 4, 2019**　　　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE